NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JULIA CHAVEZ CHAVEZ; J. E. B. C.; C. Y. B. C., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-6799 <br><br> Agency Nos. <br> A249-334-725 <br> A249-334-726 <br> A249-334-727 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2026**
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Julia Chavez Chavez ("Petitioner") and her two minor children seek review

of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an

immigration judge's ("IJ's") denial of their applications for asylum, withholding of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"We review the agency's factual findings for substantial evidence and its legal determinations de novo." *Ruiz v. Bondi*, 163 F.4th 586, 592 (9th Cir. 2025). "This court's review of an agency order denying asylum, withholding of removal, and CAT relief 'is limited to the BIA's decision, except to the extent that the IJ's decision is expressly adopted.'" *Kalulu v. Bondi*, 128 F.4th 1009, 1013 (9th Cir. 2024), *as amended* (Feb. 13, 2025) (quoting *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2022)).

1.      The record does not compel the conclusion that Petitioner has shown, for her asylum and withholding claims, the requisite nexus between her fear of future harm in Mexico and her worship of Santa Muerte. *See Garcia v. Wilkinson,* 988 F.3d 1136, 1143 (9th Cir. 2021) (asylum); *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (withholding). Petitioner has not presented evidence that worshipers of Santa Muerte have been harmed on account of their religion. She testified that her sister, who lives in Mexico and worships Santa Muerte, has not suffered harm. Although Petitioner's home was broken into and her altar to Santa

---

[1] The minor petitioners, J. E. B. C. and C. Y. B. C., each filed their own applications for asylum, withholding of removal, and CAT protection on the same factual basis as their mother. This disposition refers to their mother, the lead petitioner, as "Petitioner," but our conclusions apply equally to the minor petitioners' applications.

Muerte was damaged after she left for the United States, she testified that she did not know who broke into her home or why.

2.      Substantial evidence also supports the agency's conclusion that Petitioner has not shown a well-founded fear of future persecution on account of her membership in a particular social group composed of "Mexican women." Petitioner's general country conditions evidence, showing that gender-based violence is widespread in Mexico, does not compel the conclusion that she faces an individualized risk of persecution based on her gender. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021).

3.      The record does not compel the conclusion that it is more likely than not that Petitioner would experience torture if removed to Mexico. Petitioner bases her claim for CAT protection entirely on country conditions evidence concerning gender-based violence and organized crime in Mexico. But "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture" for the purpose of establishing eligibility for CAT protection. *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citing *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam)).

**PETITION DENIED.**[2]

---

[2] Petitioner's opposed motion to stay removal (Dkt. # 3) is denied. The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.